FILED
SEP 4 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY A. TIJERINA, | § | |
| Plaintiff, | § | |
| | § | SA02CA0864 |
| VS. | § | CIVIL ACTION NO. DKT-IV |
| | § | |
| AFFILIATED FOODS, INC. | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF JOHNNY A. TIJERINA (hereinafter "PLAINTIFF"), by and through his undersigned attorney of record, and, in accordance with TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*, and the FEDERAL RULES OF CIVIL PROCEDURE, files this, his *Original Complaint*, against AFFILIATED FOODS, INC. (hereinafter "DEFENDANT"). For cause of action, PLAINTIFF would show unto the Court the following:

**I.**
**THE PARTIES**

1. PLAINTIFF JOHNNY A. TIJERINA is Hispanic and a citizen of the United States and a Texas resident living at 5401 Lisa Lane, Canyon, Texas 79015.

2. DEFENDANT, AFFILIATED FOODS, INC., is a corporation that is incorporated under the laws of the State of Texas. DEFENDANT has its principal place of business in the State of Texas at 1401 West Farmer Lane, Amarillo, Texas 79120. Defendant may be served with citation

RECEIVED
JUL 5 2003
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

1.

through its registered agent. DEFENDANT, at all relevant times hereto, is an employer as defined by and within the meaning of 42 U.S.C. § 2000e(b).

## II.
## JURISDICTION AND VENUE

3. PLAINTIFF JOHNNY A. TIJERINA, on or about January 7, 2002, timely filed a *Notice of Charge of Discrimination* against DEFENDANT AFFILIATED FOODS, INC. with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), case number 31-CA-200462. A copy of the *Notice of Charge of Discrimination* is annexed to *Plaintiff's Original Complaint* as Exhibit "P-1" and incorporated by reference as if fully set forth herein. PLAINTIFF's *Notice of Charge of Discrimination* alleged that he had been discriminated against on the basis of national origin and retaliation in violation of federal law.

4. PLAINTIFF, on or about June 10, 2002, received a *Notice of Right to Sue* letter from the EEOC that indicated, *inter alia*, that "it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge" and that the EEOC was terminating its processing of this *Charge*. A copy of PLAINTIFF's *Notice of Right to Sue* is annexed to *Plaintiff's Original Complaint* as Exhibit "P-2" and incorporated by reference as if fully set forth herein.

5. PLAINTIFF, by filing a *Notice of Charge of Discrimination* and receiving his *Notice of Right to Sue*, has complied with all conditions precedent and exhausted all administrative remedies prior to filing suit. PLAINTIFF files this, his *Original Complaint*, within ninety (90) days of receiving his *Notice of Right to Sue* letter from the EEOC.

6. PLAINTIFF asserts claims against DEFENDANT AFFILIATED FOODS, INC. for violations of her constitutional and civil rights as guaranteed by TITLE VII OF THE CIVIL RIGHTS ACT

OF 1964, as amended, thereby invoking the federal question jurisdiction conferred upon this Court by 28 U.S.C. § 1331.

7. PLAINTIFF, in addition to the violations of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, asserts several common law claims against DEFENDANT AFFILIATED FOODS, INC. including negligent hiring, training, and supervision and retaliatory discharge. This Court has supplemental jurisdiction pursuant to 18 U.S.C.S. §1367 to hear the state claims set forth in this *Original Complaint*.

8. Because the acts and omissions forming the basis of this suit occurred in the State of Texas, venue is appropriate in the San Antonio Division of the Western District of Texas in accordance with 42 U.S.C. §2000e-5(f)(3).

## III.
## STATEMENT OF FACTS

9. PLAINTIFF had been employed by DEFENDANT AFFILIATED FOODS, INC. on or about June 6, 1994 as a maintenance welder. PLAINTIFF was terminated from his position on or about November 2, 2001.

10. PLAINTIFF had at all relevant times during his employment with DEFENDANT AFFILIATED FOODS, INC.more than adequately performed hus duties. At all times, PLAINTIFF conducted himself in a capable, dependable, and loyal manner and had been commended for his job performance.

11. It is upon PLAINTIFF'S information and belief that his November 2, 2001, termination was due, most immediately, to a September 14, 2001, incident in which Roy Lovett (hereinafter "Lovett"), a co-worker, threatened him. Although PLAINTIFF reported Lovett's threat to Bob Ren (hereinafter "Ren"), his immediate supervisor, Ren not only failed to take any direct action against

Lovett but he also made it a point to stand back and laugh at PLAINTIFF.

12. Concerned that his immediate supervisor took no action Lovett, PLAINTIFF, on or about September 24, 2001, memorialized his complaint in writing. To wit, he wrote a letter detailing his concerns and directed copies of this letter to Ren, Paul Siebeinthal, Plant Manager; Gene Blackburn, Human Resources Manager; Mark Griffen, Vice-President of DEFENDANT Affiliated Foods, Inc.; and George Lankford, President of DEFENDANT Affiliated Foods, Inc.

13. As a direct consequence of this action, PLAINTIFF was terminated from his position on November 2, 2002.

## IV.
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

14. Whenever PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC. engaged in any act of omission, PLAINTIFF also pleads that DEFENDANT's officers, agents, servants, employees, or representatives engaged in said act or omission in the course and scope of employment and with the full realization or ratification of DEFENDANT.

15. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "14," inclusive, herein. In addition, PLAINTIFF alleges that DEFENDANT AFFILIATED FOODS, INC. has unlawfully discriminated against him in the terms and conditions of his employment on the basis of national origin in violation of the provisions of the TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. § 2000e *et seq.*, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said DEFENDANT.

16. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC. maintains a pattern and practice of discriminating against national

origin minorities, such as PLAINTIFF, in its employment practices. More specifically, DEFENDANT, through its acts and omissions, permitted, tolerated, and/or encouraged conduct that altered PLAINTIFF's conditions of employment.

17. As a consequence thereof, DEFENDANT AFFILIATED FOODS, INC. denied PLAINTIFF equal employment opportunities in that, as a direct and proximate result of the hostile work environment created, fostered, and perpetuated by DEFENDANT, DEFENDANT AFFILIATED FOODS, INC. treated PLAINTIFF in a disparate manner on the basis of national origin.

## V.
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

18. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "17," inclusive, herein, and, in addition, avers that by its actions, DEFENDANT AFFILIATED FOODS, INC. negligently hired, trained, and supervised Bob Ren, Supervisor.

19. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC. possesses a duty to employees to exercise reasonable care to ensure its employees are properly hired, trained, and supervised. Specifically, DEFENDANT AFFILIATED FOODS, INC. possesses a duty to exercise reasonable care to ensure supervisors like Ren will not create a hostile work environment against her subordinates, nor direct subordinates like PLAINTIFF to take follow directives that will place them in physical danger.

20. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC. breached said duties and obligations to PLAINTIFF in negligently training and negligently supervising Ren. PLAINTIFF's injuries and associated damages occurred

as a direct and proximate result of one or more of the following negligent acts or omissions by DEFENDANT: failure to supervise Ren adequately; failure to train Ren; and failure to supervise or monitor Ren at sufficiently frequent and definite intervals.

## VI.
## RETALIATORY DISCHARGE

21. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "20," inclusive, herein, and, in addition, avers that his termination by DEFENDANT AFFILIATED FOODS, INC. constituted a retaliatory discharge.

22. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC. has violated the provisions of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e *et seq.*, by aiding, abetting, inviting, or compelling his unlawful discharge in retaliation to his opposition to and reporting of the assault visited upon PLAINTIFF.

23. By and through this *Original Complaint*, PLAINTIFF pleads that the conduct of DEFENDANT AFFILIATED FOODS, INC. justifies the imposition of compensatory, consequential, and punitive damages against DEFENDANT.

## VIII.
## DAMAGES

24. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC., and its agents, employees, and representatives, have caused PLAINTIFF grievous harm and damages. As a direct and proximate result of its violation of federal and state law, DEFENDANT AFFILIATED FOODS, INC. has caused PLAINTIFF to suffer by terminating his employment. PLAINTIFF is entitled to pecuniary damages to be determined at inquest.

25. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC. has caused hin to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, low self-esteem, humiliation, belittlement, and shame. PLAINTIFF will, in all likelihood and for the balance of his life, continue to suffer mental anguish. As such PLAINTIFF is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

26. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT AFFILIATED FOODS, INC. violated PLAINTIFF's civil rights with malice or reckless indifference to her federally-protected rights. As such, PLAINTIFF is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

27. PLAINTIFF was forced to secure the undersigned counsel to protect his civil rights and, therefore, requests an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF JOHNNY A. TIJERINA, prays that, upon final trial on the merits, he recover judgment against DEFENDANT AFFILIATED FOODS, INC. said judgment entitling PLAINTIFF to:

1. Compensation for all reasonable damages suffered by PLAINTIFF in an amount to be determined upon inquest;

2. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. All costs of court expended in this lawsuit;

5. Reasonable and necessary attorney's fees;

7

6. A mandatory injunction forbidding DEFENDANT from violating rights secured by TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;

7. Such other and further legal relief, either at law or equity, to which PLAINTIFF may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

Respectfully submitted,

THE LAW OFFICE OF VINCENT A. LAZARO, P.C.
The Historic Milam Building
115 E. Travis, Suite 115
San Antonio, Texas 78205
(210) 224-2257
(210) 224-2409 (Telecopier)
ATTORNEY FOR PLAINTIFF

By: _____
VINCENT A. LAZARO, ESQ.
SBN: 00789440