**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

JAN 8  4 1. PM '03

|  |  |  |
|---|---|---|
| **JOHNNY A. TIJERINA,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | **SA-02-CA-0864-IV** |
| **AFFILIATED FOODS, INC.,** | § | 2-03CV-0207J |
| | § | |
| *Defendant* | § | |

### DEFENDANT'S MOTION TO DISMISS, AND SUPPORTING BRIEF

**TO THE HONORABLE JUDGE OF SAID COURT:**

In support of its Motion under FED. R. CIV. P. 12(b)(3) to dismiss Plaintiff's Original

Petition ("Petition"), or alternatively to transfer this action under FED. R. CIV. P. 7(b) and 28 U.S.C.

§ 1404 to the United States District Court for the Northern District of Texas, Amarillo Division, the

Defendant, **AFFILIATED FOODS, INC. ("AFFILIATED,"** and/or "Defendant"), respectfully

would show the Court the following:

### I.

### INTRODUCTION AND NATURE OF THE CASE

This Motion serves in lieu of an Original Answer by this Defendant. FED. R. CIV. P.

12(a)(4).

Plaintiff, a resident of Canyon, Randall County, Texas (situated within the Amarillo

Division of the United States District Court for the Northern District of Texas), was employed with

**AFFILIATED** in Amarillo, Texas (also situated within the Amarillo Division of the United States



RECEIVED

CLERK, US DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

District Court for the Northern District of Texas), until his employment in Amarillo was terminated.

After filing a Charge of Discrimination with the United States Equal Employment Commission ("EEOC"), and receiving a Notice of "Right-to-Sue" issued by the EEOC's district office in Dallas, Texas, the Plaintiff filed this civil action against the Defendant in this Court, asserting claims (under Title VII of the Civil Rights Act of 1964 and under the common law) allegedly arising out of his employment with **AFFILIATED** and the termination of that employment.

## II.

### GROUNDS FOR DEFENDANT'S MOTION TO DISMISS

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, this Court may dismiss this action if it finds that the venue in which the case was filed is improper, and in the alternative under 28 U.S.C. §1404(a), this Court may, for the convenience of the parties and witnesses, and in the interest of justice, transfer this action to any other district or division where it might have been brought originally. The court's ruling on such venue issues can only be overturned for a clear abuse of discretion. *See Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir. 1981), *cert. denied,* 456 U.S. 918-919 (1982).

This Motion is supported by the affidavit of Gene Blackburn, whose affidavit is incorporated herein as if set forth verbatim. *See* Exhibit "1."

## III.

### ARGUMENT AND AUTHORITIES

Although the Plaintiff is a resident of the Amarillo Division of United States District Court for the Northern District of Texas (the "Northern District/Amarillo Division") *and* this Defendant is also headquartered (*i.e.,* with its principal office located) and in operation there, and although *all*

of the alleged actions and/or omissions of **AFFILIATED** that give rise to this litigation (which are not admitted hereby but rather specifically denied) allegedly took place there, inexplicably and without any factual basis (and apparently solely because only the Plaintiff's attorney resides in San Antonio), the Plaintiff filed this civil action in the San Antonio Division of United States District Court for the Western District of Texas (the "Western District/San Antonio Division").

As is shown by the Affidavit of Gene Blackburn filed as Exhibit "1" to this Motion, the witnesses in this case are to be found in the Northern District/Amarillo Division, and the Plaintiff's employment records and all other documents and/or exhibits in **AFFILIATED'S** possession are kept there. In fact, there is _no_ connection, let alone any substantial connection, between the parties and witnesses to this litigation and the Western District/San Antonio Division.

Accordingly, the Northern District/Amarillo Division is where this litigation might and ought to have been brought. Indeed, for the convenience of the parties and witnesses and in the interest of justice, this action should be dismissed so that Plaintiff can re-file in the Northern District/Amarillo Division, or, in the alternative, this action should be transferred to the Northern District/Amarillo Division. _See United Sonics, Inc. v. Shock,_ 661 F.Supp. 681, 682-683 (W.D. Tex. 1986); 28 U.S.C. § 1404(a). _See generally Leon v. Millon Air, Inc.,_ 251 F.3d 1305, 1311 (11th Cir. 2001); _Lueck v. Sundstrand Corp.,_ 236 F.3d 1137, 1145 (9th Cir. 2001).

**WHEREFORE,** Defendant, **AFFILIATED FOODS, INC.,** respectfully prays that the Court GRANT in all things this its Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(3), or in the alternative that the Court TRANSFER this action in its entirety to the United States District Court for the Northern District of Texas, Amarillo Division, pursuant to the provisions of 28 U.S.C. § 1404(a), and Defendant prays additionally for such other and further relief to which Defendant may be justly entitled.

**Page 3 of 5**

Respectfully submitted,

**BURNS, O'GORMAN, BLACK
AND WEYAND, L.L.C.**
750 Rittiman Road
San Antonio, Texas  78209
Telephone      :         (210) 828-6811
Facsimile      :         (210) 822-5866

By:

**P. KEITH O'GORMAN**
Bar No. 15234500

**MICHAEL J. BLACK**
Bar No. 02384400

**AND**

**FIELDING, PARKER & BECK, L.L.P.**
314 Main Street, Suite 300
Fort Worth, Texas 76102-7423
Telephone      :         (817) 390-0300
Facsimile      :         (817) 390-0310

**DAVID FIELDING**
Bar No. 06974500

**ATTORNEYS FOR DEFENDANT,
AFFILIATED FOODS, INC.**

**Page 4 of 5**

## CERTIFICATE OF SERVICE

I hereby certify that on this the _*8ᵗʰ*_ day of January, 2003, a true and correct copy of the foregoing document was mailed by certified mail, return receipt requested to:

Mr. Vincent A. Lazaro
THE LAW OFFICE OF VINCENT A. LAZARO, P.C.
The Historic Milam Building
115 East Travis, Suite 706
San Antonio, Texas 78205

**P. KEITH O'GORMAN**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY A. TIJERINA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: |
| | § | SA02-CA-0864 |
| AFFILIATED FOODS, INC. | § | DKT-IV |
| | § | |
| Defendant | § | |

**Affidavit in Support of Motion to Dismiss**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF RANDALL | § |

BEFORE ME, the undersigned authority, a Notary Public in and for Randall County, Texas, on this day personally appeared Gene Blackburn, known to me to be a credible person, who after being by me first duly sworn, upon oath deposes and says:

1. My name is Gene Blackburn. I am over the age of eighteen (18) years, and I am fully competent to testify to the contents of this Affidavit. Everything contained in this Affidavit is true and correct based on my personal knowledge, and I recognize that this Affidavit is being used as evidence in this Civil Action.

2. I am the Director of Human Resources for Affiliated Foods, Inc. ("Affiliated"), the Defendant in this action, and I am authorized to make this affidavit on behalf of Affiliated.

3. As is alleged in Plaintiff's Original Complaint filed herein, the Plaintiff makes his home in Canyon, Texas, and Affiliated operates out of Amarillo, Texas. At all material times, this has been the case for both Plaintiff and Defendant. Both Canyon and Amarillo are located in the Northern District of Texas, Amarillo Division, and not in the Western District of Texas, San Antonio Division.

4.     When Plaintiff was employed by Affiliated, he worked at Affiliated's facilities in Amarillo, and, according to Plaintiff's Original Complaint, all of the allegedly offending events including the termination of Plaintiff's employment took place solely in the Amarillo Division. All of Affiliated's records in this matter are stored in Amarillo, and the physical location of any original exhibits from Affiliated's files would be in the Amarillo Division.

5.     All of the witnesses to the alleged events are employees and former employees of Affiliated in Amarillo, Texas, and all are located and reside in the Amarillo Division. I have interviewed most of the witnesses in this case, and am of the opinion that they can give credible testimony as to the issues in this action.

6.     Transportation of these witnesses for the trial of this action in San Antonio would be a considerable expense, and the housing of these witnesses for the period of time when their testimony is needed would also be a considerable expense. The only alternative to the transportation and housing of the witnesses at the time of trial would be to rely on deposition testimony, which would place Affiliated at a considerable disadvantage, since the Plaintiff would undoubtedly be appearing to present live testimony at the trial.

7.     Plaintiff has an available forum in which to seek redress for any injuries he allegedly suffered in this matter, in that he may file an action in the Northern District of Texas, Amarillo Division.

Gene Blackburn

SUBSCRIBED AND SWORN TO BEFORE ME on this the 7th day of January , 2003.

Notary Public in and for
The State of Texas